Joanne MASLEN

v.

Phyllis CICCHELLI, in her capacity as Director of the Cranston Housing Authority.

No. 92–308–Appeal.

Supreme Court of Rhode Island.

Feb. 12, 1993.

Frederick Costello.

Thomas Plunkett.

## ORDER

This matter was before the Supreme Court pursuant to an order issued to both parties to appear and show cause why the issues raised in this appeal should not be summarily decided. In this case plaintiff had appealed from a judgment of the Superior Court granting defendant's motion for a directed verdict and from the trial justice's denial of her motion to recuse.

After the close of all the evidence presented the trial justice reserved ruling on defendant's motion for a directed verdict and submitted the case to the jury. A verdict for $33,880 was returned for plaintiff. The trial justice then granted defendant's motion for a directed verdict.

After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, it is the conclusion of this court that cause has not been shown.

Following our review of the record this court is of the opinion that the plaintiff deliberately walked across an unlighted area adjacent to an apartment building for the elderly in an area where there were no lights or signs gave any indication that the area was to be used as a passageway. In doing so plaintiff ignored sidewalks around the property that would have led to an appropriate entrance. In considering a motion for directed verdict the trial justice, and this court on appeal, will examine the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the nonmoving party. After reviewing the evidence presented in that light, the court concludes that the plaintiff

was completely responsible for her own injuries.

 As to the denial by the trial justice of the motion to recuse himself, it appears that the trial justice's conversation with the plaintiff in the corridor and out of the presence of counsel, regarding the physical layout of the land in question, was inappropriate. It occurred after the presentation of evidence was completed and the jurors were deliberating. The comments occurred in a passing fashion in the corridor and they had no impact whatsoever upon the outcome of the trial. While a trial justice conversing with a party in the absence of counsel is disapproved, in this situation, it does not appear that plaintiff was prejudiced in any way.

The other issues raised in this appeal will not be addressed since our conclusion regarding the motion for directed verdict is dispositive.

For these reasons the plaintiffs appeal is denied and dismissed, the judgment entered is affirmed and the papers of the case are remanded to the Superior Court.